**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| FREDERICK DOUGLAS BENNETT, SR., | ) | NO. ED CV 16-222-CAS(E) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER TO SHOW CAUSE PURSUANT |
| | ) | |
| CAREY DAVIS, et al., | ) | TO 28 U.S.C. SECTION 1915(g) |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, a detainee at the West Valley Detention Center, filed this civil rights action on February 4, 2016, accompanied by a "Request to Proceed Without Prepayment of Filing Fees With Declaration in Support" and a "Notice of Motion and Motion for Protective Injunctory [sic] Relief." The Complaint names as Defendants: (1) the County of San Bernardino, California; (2) the San Bernardino City [sic] Sheriff's Department; (3) the West Valley Detention Center; (4) Support Custody Services Librarians Ramer and Vandercollin; (5) Deputy Sheriff Sergeant Smith; (6) the Keefe Commissary; (7) Access Securepak; (8) Aramac Canteen Corp.; and (9) the Arrowhead Regional Medical Center. Plaintiff sues the individual Defendants in

their individual and official capacities.

The proposed Complaint mounts a global attack on conditions of confinement at the West Valley Detention Center. Plaintiff alleges, inter alia, that various Defendants purportedly hinder inmates' access to the law library, use excessive force on inmates, seize inmates' property unlawfully, subject inmates to allegedly unsanitary conditions, overcharge inmates for commissary items and confine inmates in segregated housing unlawfully. Plaintiff also alleges that a "John Doe" Defendant assertedly verbally abused Plaintiff and subjected Plaintiff to excessive force. Plaintiff allegedly received insufficient treatment for his asserted injuries. Plaintiff also alleges he was subjected to jail discipline and loss of privileges purportedly in retaliation for filing grievances. Plaintiff seeks injunctive relief, appointment of a special master and damages.

Under the Prison Litigation Reform Act, Pub L. No. 104-134, 110 Stat. 1321 (1996), a prisoner may not bring a civil action IFP if, on three (3) or more previous occasions, the prisoner has brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous or malicious or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A denial of IFP status can count as a prior dismissal or "strike" for purposes of section 1915(g). O'Neal v. Price, 531 F.3d 1146, 1153-54 (9th Cir. 2008). A dismissal for a repeated violation of Rule 8 of the Federal Rule of Civil Procedure also can count as a "strike." Knapp v. Hogan, 738 F.3d 1106, 1110-11 (9th Cir. 2013), cert. denied,

135 S. Ct. 57 (2014).

Recent sua sponte review of the dockets of this Court and other Courts has revealed that Plaintiff previously has filed three or more actions which may qualify as "strikes" under section 1915(g):

1. Bennett v. San Bernardino County, et al., United States District Court for the Central District of California case number CV 00-7358-UA-E. The Court denied IFP status on December 20, 2000, on the grounds, inter alia, that the Complaint violated Rule 8 of the Federal Rules of Civil Procedure and appeared to assert claims on behalf of other inmates which Plaintiff lacked standing to assert.

2. Bennett v. Winett, et al., United States District Court for the Eastern District of California case number 01-617-GEB-PAN. After affording Plaintiff multiple opportunities to file a pleading conforming to the requirements of Rule 8 of the Federal Rules of Civil Procedure, on April 20, 2004, the Magistrate Judge issued Findings and Recommendations recommending dismissal of the action without prejudice "for plaintiff's contumacious failure to comply with the court's orders and the pleading requirements of Fed. R. Civ. P. 8." On July 14, 2004, the District Court issued an Order adopting the Findings and Recommendations and judgment was entered on that date.

3. Bennett v. State of California, et al., United States District Court for the Central District of California case number 01-4240-IFP. The Court denied IFP status on May 18, 2001, on the grounds, inter alia, that: (1) the Complaint violated Rule 8 of the

Federal Rules of Civil Procedure; (2) the Eleventh Amendment barred suit against the state, state agencies and state officials in their individual capacities; (3) Plaintiff could not sue supervisors on a theory of respondeat superior; (4) the Complaint appeared partially duplicative of Plaintiff's prior cases; and (5) any claim challenging Petitioner's convictions was barred by Heck v. Humphrey, 512 U.S. 477 (1994). The United States Court of Appeals for the Ninth Circuit affirmed on May 29, 2002.

4. Bennett v. County of San Bernardino, et al., United States District Court for the Central District of California case number CV 02-1045-UA-E. The Court denied IFP status on February 19, 2002, on the grounds, inter alia, that the Complaint violated Rule 8 of the Federal Rules of Civil Procedure and appeared to assert claims on behalf of other inmates which Plaintiff lacked standing to assert. The Court observed that the proposed Complaint bore a marked resemblance to the prior Complaint in Bennett v. State of California, et al., United States District Court for the Central District of California case number CV 01-4240-IFP, as to which the Court had denied IFP status for failure to comply with Rule 8 and lack of standing.

5. Bennett v. State of California, et al., United States District Court for the Central District of California case number 02-1346-UA-E. The Court denied IFP status on March 1, 2002, on the grounds, inter alia, that: (1) the Complaint violated Rule 8; (2) the Eleventh Amendment barred suit against the state, state agencies and state officials in their individual capacities; (3) Plaintiff could

not sue supervisors on a theory of respondeat superior; (4) the prosecutor, the judge and members of the California Board of Prison Terms were immune from suit; (5) the Complaint appeared partially duplicative of a pending case in the United States District Court for the Eastern District of California; and (6) any claim challenging Petitioner's convictions was barred by Heck v. Humphrey.  On July 17, 2002, the United States Court of Appeals for the Ninth Circuit dismissed the appeal in this case for failure to prosecute.

6.   Bennett v. County of San Bernardino, United States District Court for the Central District of California case number 02-7534-UA-E.  The Court denied IFP status on October 3, 2002, on the grounds, inter alia, that the Complaint violated Rule 8 of the Federal Rules of Civil Procedure and appeared to assert claims on behalf of other inmates which Plaintiff lacked standing to assert.  The Court also observed that the Complaint bore a marked resemblance to Plaintiff's two prior civil rights complaints in Bennett v. County of San Bernardino, et al., CV 02-1045 and Bennett v. State of California, et al., CV 01-4240.  The Court stated that the present proposed complaint "demonstrat[ed] Plaintiff's continued and egregious disregard" of the Court's prior advisements in those two prior cases.

Plaintiff appealed.  On January 17, 2003, the United States Court of Appeals for the Ninth Circuit issued an order stating that the District Court had certified that the appeal had not been taken in good faith, that the Ninth Circuit's review of the record had confirmed that Plaintiff was not entitled to proceed IFP on appeal,
///

and that Plaintiff's application to proceed IFP on appeal was denied.[1]

7. <u>Bennett v. State of California, et al.</u>, United States District Court for the Central District of California case number 02-7754-UA-E. The Court denied IFP status on October 23, 2002, on the grounds, <u>inter alia</u>, that the proposed complaint: (1) violated Rule 8 of the Federal Rules of Civil Procedure; (2) asserted improper claims against the State, state agencies and state officials in their official capacities; (3) asserted frivolous claims implicating the validity of a conviction and/or sentence; and (4) was duplicative of allegations in Plaintiff's prior cases. The Court advised Plaintiff that his continued disregard of orders issued in previous proceedings constitute a misuse of the federal IFP statute and was sanctionable under Rule 11 of the Federal Rules of Civil Procedure.

Plaintiff appealed. On March 14, 2003, the United States Court of Appeals for the Ninth Circuit denied Plaintiff's motion to proceed IFP. On April 15, 2003, the Ninth Circuit dismissed the appeal for failure to prosecute after Plaintiff failed to pay the filing fees.

8. <u>Bennett v. Victorville Child Protective Services, et al.</u>, United States District Court for the Central District of California case number EDCV 11-602-UA-E. The Court denied IFP status on April 22, 2011, on the grounds, <u>inter alia</u>, that Plaintiff could not assert claims on behalf of another person, the Court lacked

---

[1] A determination that an appeal was not taken in good faith is the equivalent of a finding of frivolity. <u>Knapp v. Hogan</u>, 738 F.3d at 1110.

jurisdiction to invalidate a state court custody decree, and the Complaint failed to allege a cognizable municipal liability claim.

"Leave to proceed without prepayment of fees and costs is a privilege, not a right." Treff v. Galetka, 74 F.3d 191, 197 (10th Cir. 1996) (citation omitted). "Courts have the discretion to revoke that privilege when it no longer serves its goals." Id. (citation omitted); see McKenzie v. Casillas, 585 Fed. App'x 369 (9th Cir. 2014), cert. denied, 135 S. Ct. 1552 (2015) (affirming revocation of prisoner plaintiff's IFP status where plaintiff had three prior strikes).

The Complaint in the present action does not allege any facts from which it plausibly might be inferred that Plaintiff was under imminent danger of serious physical injury at the time Plaintiff filed the Complaint.

Accordingly, within twenty-one (21) days of the date of this Order, Plaintiff shall show cause in writing, if any there be, why Plaintiff's IFP status should not be revoked and why the action should not be dismissed pursuant to 28 U.S.C. section 1915(g) unless Plaintiff presently pays the full filing fee. Failure timely to
///
///
///
///
///
///
///

respond to this Order to Show Cause may result in dismissal of the action.[2]

   IT IS SO ORDERED.


       DATED: February 9, 2016.


                                          /s/
                                    CHARLES F. EICK
                             UNITED STATES MAGISTRATE JUDGE

---

[2] The Court will defer ruling on Plaintiff's "Request to Proceed Without Prepayment of Filing Fees With Declaration in Support" and will defer taking other action in this case pending resolution of this Order to Show Cause.

8